UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-cr-40079-JPG |
| ) | |
| CHARLES R. LOGSDON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Charles Logsdon's Motion (Doc. 383) to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline § 1B1.10. The time for a response brief has yet to lapse, but the Government need not file one.

On June 1, 2004, Logsdon pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of methamphetamine. On the following September 9, he was sentenced to term of imprisonment of 137 months.

"Generally, a district court has no power to modify a sentence once it has been imposed." *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009). A limited exception applies when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006).

Here, while Logsdon states that he was sentenced to a term of imprisonment that his subsequently been lowered by the United States Sentencing Commission, he fails to cite the source that supposedly lowered his sentence. The Court advises Logsdon that the advisory guideline sentencing ranges for crimes involving methamphetamine, unlike those for crimes involving crack cocaine, have not been lowered by the Sentencing Commission. Therefore,

unless some other source of reduction applies to Logsdon's sentence, of which the Court is currently unaware, the Court lacks the power to modify same.

For the foregoing reasons, the Court **DISMISSES** Logsdon's Motion (Doc. 383) for lack of jurisdiction.

**IT IS SO ORDERED.**
**Dated: March 8, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**